IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EDWARD JOHNSON** | § | |
| **(Travis Co. #1825419)** | § | |
| | § | |
| V. | § | A-20-CV-1089-RP |
| | § | |
| **CHIEF BRIAN MANLEY,** | § | |
| et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Travis County Correctional Complex in Del Valle, Texas. State court records reflect Plaintiff was indicted for Aggravated Robbery, Habitual (D-1-DC-18-301601), Aggravated Kidnapping, Habitual (D-1-DC-18-301598), and Aggravated Robbery, Enhanced (D-1-DC-18-204338). Plaintiff's criminal cases are currently pending trial and are on the jury docket of the 403rd Judicial District Court of Travis County, Texas.

1

Although Plaintiff's complaint is not clear, he appears to challenge his pretrial detention. The Court notes Plaintiff has attempted to challenge his pretrial detention in several pretrial applications for habeas corpus relief and civil rights complaints. *See Johnson v. Moore*, No. A-20-CV-073-RP (1983 complaint), *Johnson v. Moore*, No. A-20-CV-1200-RP (1983 complaint), *Johnson v. Hernandez*, A-20-CV-600-RP (2241 petition), and *Johnson v. Hernandez*, No. A-20-CV-1000-RP (2241 petition).

In the instant cause, Plaintiff sues Austin Police Chief Brian Manley and Detectives Nicole Saval, R. Snider, Staci Anderson, V. Hutchison, and R. Caudill, the detectives involved in the investigation of the crimes for which he has been indicted. However, he makes no factual allegations regarding these defendants.

Plaintiff seeks declaratory relief. He also requests the Court to order Defendants to "provide equal protection under them preventing violations of civil rights through bias practices, procedures, policies and customs." He further requests the Court to:

> Bring on special action to petition to challenge Texas State Statutes Agg Robbery - PC 29.03 & Agg Kidnapping - PC 20.04 which allows double jeopardy as well as Articles 62, 63, and 64 of the Texas Pen. Code (1952), Texas Penal Code §§12.42, 12.43, 12.35 as or any Enhancement/recidivism that is statistically bias and prejudice against Plaintiff, Blacks, Hispanics and minorities. Also, funding for a Around-the-clock attorney in magistration please.

In addition to declaratory and injunctive relief, Plaintiff seeks $205,000 in compensatory damages and $250,000 in punitive damages.

## DISCUSSION AND ANALYSIS

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief

2

may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

Plaintiff alleges no factual allegations regarding the defendants in this case. As such, he fails to allege that any of the defendants violated his constitutional rights.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 20, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE